SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Lauren S. Schwartz (SBN 312253)
lschwartz@seyfarth.com
David J. Kim (SBN 349802)
dakim@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEPHANIE SANTOS, an individual, | Case No. 2:25-cv-05849-JLS-AYP |
|---|---|
| Plaintiff, | HON. JOSEPHINE L. STATON |
| v. | **DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| COSTCO WHOLESALE CORPORATION, a corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | Date:  July 31, 2026<br>Time:  10:30 a.m.<br>Location: Courtroom 8A, 8th Floor |
| | *Filed concurrently with:*<br>*(1)  Memorandum of Points and Authorities;*<br>*(2)  Separate Statement of Uncontroverted Facts;*<br>*(3)  Declaration of Lauren S. Schwartz;*<br>*(4)  Declaration of Brenda Simmons;*<br>*(5)  Declaration of Linda Smith; and*<br>*(6)  [Proposed] Order* |

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326114822v.2

**TO THE HONORABLE COURT AND TO PLAINTIFF STEPHANIE SANTOS AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 31, 2026, at 10:30 a.m., or as soon thereafter as may be heard before the Honorable Josephine L. Staton in Courtroom 8A of the above-entitled Court, Defendant Costco Wholesale Corporation ("Defendant") will and hereby does move, pursuant to Federal Rule of Civil Procedure 56, for summary judgment against Plaintiff Stephanie Santos ("Plaintiff").  In the alternative, Defendant will and hereby does move, pursuant to Federal Rule of Civil Procedure 56, for an order granting partial summary judgment against Plaintiff as to those claims or issues that this Court determines to be without substantial controversy.[1]

This Motion is based on the grounds that: (1) there is no disputed or triable issue of material fact; (2) Plaintiff cannot prove essential elements of her claims; and (3) summary judgment in Defendant's favor is warranted as a matter of law.

**I.  PLAINTIFF'S SECOND CAUSE OF ACTION FOR DISCRIMINATION ON THE BASIS OF MEDICAL CONDITION IN VIOLATION OF FEHA FAILS**

**ISSUE NO. 1:** Plaintiff's claim for discrimination on the basis of a medical condition in violation of FEHA fails as a matter of law because Plaintiff was not a qualified individual.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1-36.)

**ISSUE NO. 2:** Plaintiff's claim for discrimination on the basis of a medical condition in violation of FEHA fails as a matter of law because Plaintiff was not subject to an adverse employment action because of a medical condition.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1-45..)

---

[1] On June 9, 2026, following the Parties' meet and confer regarding the basis for the instant motion, Plaintiff agreed to dismiss her First Cause of Action for "Harassment on the Basis of Medical Condition in Violation of FEHA." The Parties thereafter filed a stipulation requesting that the Court enter an order dismissing that claim on June 10, 2026 and are currently awaiting the Court's order.  (Dkt No. 23.) (Schwartz Decl.¶ 3.)

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326114822v.2

**ISSUE NO. 3:** Plaintiff's claim for discrimination on the basis of a medical condition in violation of FEHA fails as a matter of law because Costco had a legitimate, non-discriminatory, and non-retaliatory reason for its actions. (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 to 45.)

**ISSUE NO. 4:** Plaintiff's claim for discrimination on the basis of a medical condition in violation of FEHA fails as a matter of law because Plaintiff cannot raise a triable issue of fact that Costco's legitimate, lawful reasons for its actions were pretextual. (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 to 45.)

## II.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS FAILS

**ISSUE NO. 5:** Plaintiff's claim for failure to engage in the interactive process in violation of FEHA fails as a matter of law because no reasonable accommodation was possible that would have allowed Plaintiff to perform the essential functions of her position. (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1, 10-36.)

**ISSUE NO. 6:** Plaintiff's claim for failure to engage in the interactive process in violation of FEHA fails as a matter of law because Costco fully engaged in the interactive process and Plaintiff cannot show Costco failed to engage in dialogue with her regarding any accommodation. (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1, 10-36, and 46-49.)

## III.    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR FAILURE TO MAKE A REASONABLE ACCOMMODATION FAILS

**ISSUE NO. 7:** Plaintiff's claim for failure to accommodate in violation of FEHA fails as a matter of law because Plaintiff could not perform the essential functions of her position and no reasonable accommodation existed that would have enabled her to perform the essential functions of her position. (*See* Costco's Separate Statement Of

2

326114822v.2

Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 and 10-36.)

## IV.   PLAINTIFF'S SIXTH CAUSE OF ACTION FOR RETALIATION IN VIOLATION OF FEHA FAILS

**ISSUE NO. 8**: Plaintiff's claim for retaliation in violation of FEHA fails as a matter of law because she did not engage in a protected activity.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1-4, 10-36, 39-45, and 50-52.)

**ISSUE NO. 9:** Plaintiff's claim for retaliation in violation of FEHA fails as a matter of law because she was not subject to an adverse employment action that was causally connected to a protected activity.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1-4, 10-36, 39-45, and 50-52.)

**ISSUE NO. 10:** Plaintiff's claim for retaliation in violation of FEHA fails as a matter of law because Plaintiff cannot establish causation or raise a triable issue of fact that Costco's legitimate, lawful reasons for its actions were pretextual.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 to 52.)

## V.   PLAINTIFF'S SEVENTH CAUSE OF ACTION FOR WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5  FAILS

**ISSUE NO. 11:** Plaintiff's claim for retaliation in violation of Labor Code § 1102.5 fails as a matter of law because she did not engage in a protected activity.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1-4, 10-36, 39-45, and 50-52.)

**ISSUE NO. 12:** Plaintiff's claim for retaliation in violation of Labor Code § 1102.5 fails as a matter of law because she was not subject to an adverse employment action that was causally connected protected activity.  (*See* Costco's Separate Statement

3

Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1-4, 10-36, 39-45, and 50-52.)

**ISSUE NO. 13:** Plaintiff's claim for retaliation in violation of Labor Code § 1102.5 fails as a matter of law because Plaintiff cannot establish causation or raise a triable issue of fact that Costco's legitimate, lawful reasons for its actions were pretextual.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 to 52.)

## VI.   PLAINTIFF'S FIFTH CAUSE OF ACTION FOR FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION IN VIOLATION OF FEHA FAILS

**ISSUE NO. 14:** Plaintiff's claim for failure to prevent harassment and discrimination in violation of FEHA fails as a matter of law because Plaintiff's underlying harassment and discrimination claims fail.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 to 52.)

## VII.   PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES FAILS

**ISSUE NO. 15:** Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot show malice, oppression or fraud by an officer, director or managing agent by clear and convincing evidence.  (*See* Costco's Separate Statement Of Undisputed Material Facts And References To Supporting Evidence, Fact Nos. 1 to 64.)

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the accompanying Declarations of Brenda Simmons, Linda Smith and Lauren S. Schwartz (and attached portions of relevant deposition transcripts and accompanying exhibits), all pleadings and papers on file with the Court in this action, any such information or evidence that may be judicially noticed, and any such further information or argument that may be presented at or before the hearing on this Motion.

4

**Local Rule 7-3 Certification.** Pursuant to the Court's Local Rule 7-3, Defendant certifies that on June 5, 2026, counsel for Defendant and counsel for Plaintiff met and conferred via telephone to discuss Defendant's contemplated motion for summary judgment on all seven causes of action Plaintiff raised in her operative Complaint and discuss the grounds on which the Motion would be made. (Declaration of Lauren S. Schwartz, ¶ 3.)  Thereafter, on June 9, 2026, Plaintiff agreed to dismiss her First Cause of Action for "Harassment on the Basis of Medical Condition in Violation of FEHA, but declined to dismiss any other claims, thereby necessitating the instant motion. (*Id.*)

DATED: June 12, 2026

Respectfully submitted,

SEYFARTH SHAW LLP


By:*/s/ Lauren S. Schwartz*
        Laura Wilson Shelby
        Lauren S. Schwartz
        David J. Kim
        Attorneys for Defendant
        COSTCO WHOLESALE
        CORPORATION

5

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

326114822v.2